UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-21688-CIV-BLOOM/OTAZO-REYES

OBEL SOCARRAS and
ILIANA GONZALEZ,

    Plaintiffs,

v.

GEOVERA SPECIALTY INSURANCE COMPANY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Geovera Specialty Insurance Company's ("Defendant" or "Geovera") Motion to Vacate Order of Dismissal and Motion to Strike Plaintiffs' Notice of Voluntary Dismissal (hereafter, "Motion to Vacate and to Strike") [D.E. 13]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 17]. The undersigned held a hearing on this matter on July 20, 2021 (hereafter, "Hearing") [D.E. 19]. For the reasons discussed below, the undersigned respectfully recommends that the Motion to Vacate and to Strike be DENIED, subject to the conditions specified below.

Plaintiffs Obel Socarras and Iliana Gonzalez (together, "Plaintiffs") commenced this breach of contract action against Geovera on January 25, 2021 in Florida state court. See Complaint for Damages and Demand for Jury Trial [D.E. 1-1 at 8–11]. On May 3, 2021, Geovera removed this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. See Notice of Removal to the United States District Court [D.E. 1].

On June 4, 2021, Plaintiffs filed a Notice of Voluntary Dismissal Without Prejudice

(hereafter, "Notice") [D.E. 11] pursuant to Rule 41 of the Federal Rules of Civil Procedure.  Id. On June 7, 2021, the Court entered an Order of Dismissal Without Prejudice [D.E. 12], approving and adopting the Notice and dismissing this action without prejudice.  Id.

On June 11, 2021, Geovera filed the Motion to Vacate and to Strike, requesting that the Court:

> enter an Order (i) vacating its Order of Dismissal Without Prejudice [DE 12]; and (ii) striking Plaintiffs' Notice of Voluntary Dismissal Without Prejudice [DE 11]; *or, in the alternative, (iii) condition any order of dismissal upon Plaintiffs' payment of reasonable fees and costs associated with defending this matter prior to allowing them to re-file suit . . . .*

See Motion to Vacate and to Strike [D.E. 13 at 10] (emphasis added).

At the Hearing, the undersigned found that granting Defendant's alternative request for relief would adequately protect it from the prejudice it claimed in its Motion to Vacate and to Strike; and Plaintiffs agreed to reimburse Geovera for its reasonable fees and costs "up front," as opposed to prior to re-filing the action.

## RECOMMENDATION

In light of the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion to Vacate and to Strike [D.E. 13] be DENIED, subject to Plaintiffs reimbursing Geovera for its reasonable fees and costs incurred to date in this action.  The undersigned further recommends that Geovera be directed to submit its statement of reasonable fees and costs within **20 days** after the Court's ruling on the Motion to Vacate and to Strike.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Beth Bloom.  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144,

1149 (11th Cir. 1993).   Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."   See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 20th day of July, 2021.

                                                     _____
                                                     ALICIA M. OTAZO-REYES
                                                     UNITED STATES MAGISTRATE JUDGE

cc:    United States District Judge Beth Bloom
        Counsel of Record